UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LON C. HUDSON, JR.,     Plaintiff,

v.     Civil Action No. 3:19-cv-886-DJH-CHL

UNITED PARCEL SERVICE, INC.,     Defendant.

\* \* \* \* \*

## ORDER

Plaintiff Lon C. Hudson, Jr. alleges that his former employer, UPS, discriminated against him on the basis of his race and retaliated against him for requesting FMLA leave. (Docket No. 1-2, PageID # 10-18) He asserts claims of discrimination and retaliation under the Kentucky Civil Rights Act and of retaliation and interference under the Family and Medical Leave Act. (*Id.*, PageID # 13–16) UPS moves to dismiss Count III of the verified complaint under Rule 12(b)(6) or, in the alternative, for a grant of summary judgment on Count III. (D.N. 12) UPS asserts that it is entitled to judgment as a matter of law as to Hudson's FMLA claim because Hudson was not eligible for FMLA benefits. In response, Hudson argues that the motion for summary judgment is premature and that UPS is estopped from contesting his eligibility for FMLA leave. (D.N. 16) For the reasons explained below, the Court will grant UPS's motion.

**I.**

UPS asks the Court to consider matters outside the pleadings in deciding its motion. (*See* D.N. 12-1, PageID # 54) To consider these documents, the Court must treat the motion as one for summary judgment, and Hudson "must be given a reasonable opportunity to present all material pertinent to the motion." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citing *Wysocki v. Int'l Bus. Mack Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)). The Court will first address Hudson's

claim that summary judgment is premature at this stage in the litigation. (D.N. 16, PageID # 121–23)

Hudson argues that summary judgment is inappropriate at this stage because litigation has not yet progressed far enough to allow for adequate discovery. (D.N. 16, PageID # 112) To establish that a motion for summary judgment is premature, the non-movant must "[show] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d)(2). "The affidavit must 'indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004)). But "[m]ere speculation that there is some relevant evidence not yet discovered will never suffice." *Saulsberry v. Fed. Exp. Corp.*, 552 F. App'x 424, 427–28 (6th Cir. 2014) (citing 11 Moore, et al., *Moore's Federal Practice* § 56.102 [2] (2012)).

Although Hudson's attorney submitted a Rule 56(d) affidavit, the affidavit does not meet the threshold requirements for contesting the prematurity of the motion for summary judgment. The Rule 56(d) affidavit states that Hudson seeks "document and deposition testimony regarding his Aetna claim for FMLA benefits, and representations that he was eligible." (D.N. 16-2, PageID # 129) The affidavit does not identify any specific persons or documents that could provide that information, however. (*See id.*) Nor does the Rule 56(d) affidavit indicate how that information could help Hudson's case. Hudson's attorney's "general and conclusory statements . . . regarding the need for more discovery" do not establish that Hudson is entitled to additional discovery. *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 334 (6th Cir. 2010) (quotations and citations omitted). Hudson cannot demonstrate to the Court how the additional discovery he seeks would

raise a material issue of fact that could sway the outcome of the summary judgment motion. *See Ball*, 385 F.3d at 721 (upholding district court's decision that summary judgment was not premature because the nonmovant's Rule 56(d) "affidavit d[id] not state how any discovery would have shed further light" on the dispositive legal issue). Ultimately, the affidavit fails to show why Hudson needs further discovery, what Hudson hopes to uncover, or, importantly, why Hudson has not yet uncovered this information. *See Doe v. City of Memphis*, 928 F.3d at 490. Because Hudson's attorney's affidavit fails to state with specificity what type of discovery he seeks, or how that information could help Hudson's case, the Court finds that considering UPS's summary judgment motion is not premature and will consider the motion on the merits.

## II.

Summary judgment is required when the moving party shows, using evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* 56(c)(1). For purposes of summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 588 (6th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, the Court "need consider only the cited materials." Fed. R. Civ. P. 56(c)(3); *see Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). If the nonmoving party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," the fact may be treated as undisputed. Fed. R. Civ. P. 56(e)(2)-(3). To survive a motion for summary judgment, the nonmoving party must establish a genuine issue of material fact with respect to each element of each of his claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (noting that "a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial").

### III.

**A.     FMLA Eligibility**

As grounds for summary judgment, UPS argues that Hudson was ineligible for FMLA leave because he did not work the requisite number of hours. "To qualify as an 'eligible employee' under the FMLA, the employee must have actually worked 1,250 hours." *Saulsberry*, 552 F. App'x at 429. It is the plaintiff's burden to establish eligibility for FMLA leave. *Massengill v. Anderson Cty. Bd. of Educ.*, 478 F. Supp. 2d 1004, 1007 (E.D. Tenn. 2007) ("The plaintiff must prove by a preponderance of the evidence that: (1) [he] was an eligible employee as defined in the Act."). And "[i]t is well established in this circuit that if one is not eligible for FMLA leave, one cannot maintain a cause of action for FMLA retaliation," or interference. *Banerjee v. Univ. of Tenn.*, No. 19-6009, 2020 WL 3485818, at *4 (6th Cir. June 26, 2020) (citing *Davis v. Mich. Bell Tel. Co.*, 543 F.3d 345, 354 (6th Cir. 2008) ("To the extent that [plaintiff] is claiming that she was terminated because of her attempt to obtain FMLA leave in January of 2005, her claim must fail as a matter of law because she was not eligible for FMLA benefits.")); *Staunch v. Cont'l Airlines, Inc.*, 511 F.3d 625, 631 (6th Cir. 2008); *see also Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (holding that FMLA eligibility is a prerequisite to suit for interference or retaliation claims).

UPS has presented unrefuted evidence that Hudson was not an eligible employee, supported by payroll records and the affidavit of an HR employee who verified the records' authenticity. (D.N. 12-2; D.N. 18-2); *see Webb v. U.P.S., Inc.*, No. 3:06-CV-174, 2007 WL 2903916, at *6 (E.D. Tenn. Oct. 2, 2007) (granting defendant summary judgment based on payroll

records and affidavits establishing that plaintiff was not eligible for FMLA leave because of deficient hours worked). Indeed, Hudson did not argue that he met the hour requirement in his affidavit or his response to UPS's motion. Hudson's only rebuttal to UPS's ineligibility argument is that UPS told him that he was eligible for FMLA leave, and therefore UPS is estopped from arguing ineligibility. The Court will consider Hudson's equitable estoppel argument next.

### B.     Equitable Estoppel

The Sixth Circuit "recognizes that in certain circumstances equitable estoppel applies to employer statements regarding an employee's FMLA eligibility, preventing the employer from raising non-eligibility as a defense." *Tilley v. Kalamazoo Cty. Rd. Comm'n*, 777 F.3d 303, 311 (6th Cir. 2015) (citing *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 (6th Cir. 2009). To prevail on an equitable-estoppel argument, Hudson must show "(1) a definite misrepresentation as to a material fact, (2) a reasonable reliance on the misrepresentation, and (3) a resulting detriment to the party reasonably relying on the misrepresentation." *Dobrowski*, 571 F.3d at 557 (6th Cir. 2009) (citations omitted).

Hudson fails to establish that a definite misrepresentation took place and does not even allege that he reasonably relied on any such misrepresentation. Hudson stated in his affidavit that "UPS provided verification that [he] was eligible for FMLA." (D.N. 16-1, PageID # 125) He points to a text message as the source of this confirmation, and claims in his affidavit that "[t]he text is from a UPS representative with the information necessary to tell [Hudson] whether [he] had dates available to take." (*Id.*, PageID # 126) The text message cited by Hudson does not, however, mention FMLA at all. It merely states that Hudson was approved for "UPS Leave." (*See* D.N. 16-1, PageID # 127)

Even if the text message raised an issue of material fact on the question of material misrepresentation, Hudson's claim of equitable estoppel would fail because he has not shown reasonable reliance. To survive summary judgment on equitable-estoppel grounds in the FMLA-eligibility context, a plaintiff must present some affirmative evidence demonstrating that he would have changed his behavior if the defendant had not materially misrepresented his eligibility. *Dobrowski*, 571 F.3d at 557. For example, in *Tilley*, the defendant fired the plaintiff for failing to complete a project on time. 777 F.3d at 314. The plaintiff claimed that the defendant violated the FMLA and asserted in his affidavit that "he sought medical treatment prior to completing his assignment because the unqualified and unambiguous statements" of the defendant "led him to believe that he was covered under the FMLA." *Tilley*, 777 at 313. The plaintiff went on to state that he would have completed the project first if he had known that he was ineligible to take the leave. *Id*. The plaintiff survived summary judgment because he raised a material issue of fact about whether he would have changed his behavior if his employer had not misrepresented his FMLA status. *Id.*

Here, Hudson has not alleged that he would have done anything differently if UPS had not told him that he was eligible for FMLA leave. His affidavit merely states that he "relied upon UPS's confirmation of [his] eligibility to take the leave." (D.N. 16-1, PageID # 125) It does not take the required next step of stating that he would have changed his behavior—that is, not taken the leave—if UPS had told him that he was ineligible. Because Hudson has not shown that he "'changed his position' in reliance on the belief that his leave would be FMLA-protected," his assertion of equitable estoppel must fail as a matter of law. *Dobrowski*, 571 F.3d at 557; *see Goode v. Heritage Hospice, Inc.*, No. CIV.A. 5:10-342-KKC, 2012 WL 1038669, at *6 (E.D. Ky. Mar.

26, 2012) (granting defendant summary judgment based on failure of equitable-estoppel argument).

Because equitable estoppel does not apply, UPS's argument that it is entitled to summary judgment as to Hudson's FMLA claims is uncontested. It is clear from the payroll records that Hudson does not meet the hours requirement for FMLA eligibility, which Hudson does not dispute. The Court thus finds that, taking all evidence in the record in the light most favorable to Hudson, UPS is entitled to summary judgment on the FMLA claim.

### C.     State-Law Claims

Hudson's remaining claims arise under state law. The Sixth Circuit "has held that 'a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 905 (6th Cir. 2018) (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014)). But "[i]n cases that have been removed to federal court," and in which 'all federal claims have been dismissed before trial, the best course is to remand the state law claims to the state court from which the case was removed.'" *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (quoting *Thurman v. DaimlerChrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004) (reversing district court's dismissal of state-law claims after dismissing FMLA claim in favor of remand)). The Court will therefore remand Hudson's remaining claims to Jefferson County Circuit Court.

### IV.

The motion for summary judgment is not premature because Hudson failed to establish what discovery he required or how that discovery would alter the legal outcome of UPS's motion. It is undisputed that Hudson was ineligible for FMLA leave because he did not meet the requirement for hours worked. And UPS is not equitably estopped from relying on his ineligibility

7

8

because Hudson has not raised a genuine issue of material fact as to whether he reasonably relied on any misrepresentation that he was eligible. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) UPS's motion for partial summary judgment (D.N. 12) is **GRANTED**. Count III of Hudson's Verified Complaint is **DISMISSED** with prejudice.

(2) Hudson's remaining claims are **REMANDED** to Jefferson County Circuit Court. This matter is **STRICKEN** from this Court's docket.