UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LON C. HUDSON, JR.,                                                      Plaintiff,

v.                                               Civil Action No. 3:19-cv-886-DJH-CHL

UNITED PARCEL SEVRICE, INC.,                             Defendant.

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

      Plaintiff Lon C. Hudson, Jr. brought this action alleging violations of the Family and Medical Leave Act and state-law employment discrimination claims against his former employer, Defendant United Parcel Service, Inc. (Docket No. 1-2, PageID # 13–16) The Court dismissed Hudson's FMLA claims and remanded the remaining state-law claims to the Jefferson County Circuit Court. (D.N. 21, PageID # 165–66) UPS now moves for reconsideration of the Court's Order that remanded the remaining state-law claims. (D.N. 22) For the reasons set forth below, the Court will deny UPS's motion.

**I.**

      Hudson began working for UPS in August 2014. (D.N. 12-1, PageID # 50) Hudson alleges that, after his wife was diagnosed with cancer in 2017, he was approved for FMLA leave and took that leave on an intermittent basis in 2018 and 2019. (D.N. 16, PageID # 113) In 2018, Hudson made multiple complaints to his supervisors that he was being unfairly disciplined due to his race. (*Id.*) Shortly before his termination, Hudson made a final complaint to his supervisors that he was being unfairly treated because of his race or in retaliation for his use of FMLA leave. (*Id.*, PageID # 114) UPS subsequently terminated Hudson, and he brought this action in state court alleging racial discrimination and FMLA violations. (D.N. 1-2, PageID # 13–16)

1

UPS removed the matter to this Court (D.N. 1) and moved to dismiss the FMLA claims, asserting that Hudson was not eligible to receive FMLA benefits. (D.N. 12, PageID # 52) After construing UPS's motion as a motion for partial summary judgment, the Court granted the motion. (D.N. 21, PageID # 166) In its Order dismissing Hudson's FMLA claims, the Court declined to exercise supplemental jurisdiction over the remaining state-law claims and remanded them to the Jefferson County Circuit Court for resolution. (*Id.*, PageID # 165) UPS seeks reconsideration of the Court's Order, arguing that the Court had diversity jurisdiction over the remaining state-law claims. (D.N. 22-1, PageID # 170–71)

**II.**

**A.     Reconsideration of the Court's Remand Order**

Hudson argues, without providing any supporting authority, that 28 U.S.C. § 1447(d) prohibits reviewing a remand order "in any regard." (D.N. 23, PageID # 175) Generally "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). There are several exceptions to the bar on appellate review, however, and the Supreme Court "has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009) (citations omitted). As a result, § 1447(d) prohibits appellate review or reconsideration by the trial court of remands for a lack of subject-matter jurisdiction. *See Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009); *see also Gibson v. Am. Mining Ins. Co.*, No. 08-cv-118-ART, 2008 WL 4858396, at *1 (E.D. Ky. Nov. 7, 2008) (noting that, although the Sixth Circuit has not decisively answered whether § 1447(d) prohibits the trial court from reconsidering its own remand order based on subject-matter jurisdiction, the Sixth Circuit

has suggested that § 1447(d) bars reconsideration of such remand orders and district courts in the circuit have followed this approach).

Although remands for a lack of subject-matter jurisdiction are not subject to review because of § 1447(d), remanding supplemental claims under 28 U.S.C. § 1367(c) is an exercise of a district court's discretion and is not a jurisdictional matter. *Carlsbad Tech.*, 556 U.S. at 640. § 1447(d) therefore does not bar reconsideration of a court's decision declining to exercise supplemental jurisdiction over state-law claims when there are no remaining federal-law claims. *Id.*

Here, the Court dismissed Hudson's sole federal-law FMLA claim and then turned to the remaining state-law claims. (D.N. 21, PageID #165) Because the notice of removal (D.N. 1) did not clearly demonstrate that the Court had diversity jurisdiction over the remaining state-law claims, the Court considered whether it should exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).[1] (D.N. 21, PageID # 165) The Court concluded that it should not exercise supplemental jurisdiction over the state-law claims (*id.*), and since this decision "is not a jurisdictional matter," § 1447(d) does not prohibit reconsideration of the Court's decision. *Carlsbad Tech.*, 556 U.S. at 640. The Court will therefore reconsider the portion of its Order remanding the remaining state-law claims. *Id.*

**B.      Diversity Jurisdiction over the Remaining State-Law Claims**

A motion to reconsider a remand order "is treated as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." *Bailey v. Minn. Life Ins. Co.*, No. 07-cv-196-JBC, 2009 WL 1424032, at *3 (E.D. Ky. May 18, 2009) (citation omitted); *see Inge v.*

---

[1] Although the Court did not explicitly refer to § 1367(c), the Court's analysis relied on caselaw interpreting the exercise of the discretion provided by § 1367(c). (D.N. 21, PageID # 165) *see Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (citing 28 U.S.C. § 1367(c)(3))).

3

*Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) ("When a party files a motion to reconsider a final order or judgment with ten days of entry, [the Sixth Circuit] will generally consider the motion to be brought pursuant to Rule 59(e)."); *Gibson*, 2008 WL 4858396, at *2. The Court therefore construes UPS's motion to reconsider as a motion to alter or amend judgment pursuant to Rule 59(e). Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to alter or amend a judgment within twenty-eight days of its entry. "To grant a motion filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006)). The rule "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

UPS asserts that the Court had diversity jurisdiction over the remaining state-law claims and that the Court therefore erred by engaging in a supplemental-jurisdiction analysis under § 1367(c)(3). (D.N. 22-1, PageID # 170) Diversity jurisdiction exists where the parties are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The removing party (UPS) bears the burden of "demonstrat[ing] the amount in controversy requirement by a preponderance of the evidence." *Johnson v. Hui Huliau Staffing LLC*, No. 5:20-cv-440-KKC, 2021 WL 640810, at *1 (E.D. Ky. Feb. 18, 2021) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010)). "A removing party may satisfy the requirement via 'competent proof' of the at-issue amount . . . which 'can include affidavits, documents, or interrogatories' obtained during pre-

removal discovery." *Id.* at *2 (quoting *Bishop v. Tenn. Gas Pipeline, LLC*, No. 5:17-cv-00424-JMH, 2018 WL 4686416, at *2 (E.D. Ky. Sept. 27, 2018) (internal citation omitted)). But "'mere averments are not enough'; rather, 'defendants must affirmatively come forward with some competent proof showing that the amount-in-controversy requirement is satisfied.'" *Id.* (citing *Caudill v. Ritchie*, No. 09-cv-28-ART, 2009 WL 1211017, at *3 (E.D. Ky. May 1, 2009)).

In its notice of removal, UPS contends that the combined damages sought by Hudson—including "back pay, front pay, humiliation and embarrassment, liquidated damages, [and] attorney's fees"—satisfies the burden to show that the amount in controversy exceeds $75,000. (D.N. 1, PageID # 5) UPS effectively restates these contentions in its motion for reconsideration but provides no quantifiable estimation of these damages.[2] (D.N. 22-1, PageID # 171) UPS's assertions are "mere averments," and UPS has provided no additional information—such as affidavits, documents, or interrogatories—that would constitute "competent proof" that the amount-in-controversy requirement has been satisfied. *See Johnson*, 2021 WL 640810, at *3 (citation omitted). UPS has therefore failed to establish, by a preponderance of the evidence, that the Court has diversity jurisdiction over the remaining state-law claims. *Id.* at *1.[3] Since the Court lacks diversity jurisdiction over the remaining state-law claims, the Court concludes that it

---

[2] In its reply to Hudson's response, UPS also asserts that Hudson effectively concedes that the amount-in-controversy is satisfied. (D.N. 24, PageID # 179) Such an assertion, even if true, does not eliminate the Court's obligation to assure itself that subject-matter jurisdiction exists. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *see also Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252–53 (6th Cir. 2011) (independently considering whether the amount-in-controversy requirement was met when the parties did not raise the issue).

[3] UPS also failed to point to a clear error of law or newly discovered evidence that would establish diversity jurisdiction over the state-law claims. *See Betts*, 558 F.3d at 474.

properly declined to exercise supplemental jurisdiction over the state-law claims. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 905 (6th Cir. 2018) (citation omitted).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that UPS's motion for reconsideration (D.N. 22) is **DENIED**. This matter remains **CLOSED**.

June 11, 2021

David J. Hale, Judge
United States District Court